In the Matter of the Estate of HELEN M. FANNING, Deceased.

Surrogate's Court, New York County, November 21, 1930.

*C. Ames Brooks*, for the petitioner.

*John J. Cray*, special guardian.

*Joseph Rowan*, special guardian.

*Greenbaum, Wolff & Ernst* [*Samuel J. Schur* of counsel], for Sarah F. Carpenter.

*Parke L. Woodward*, for Jane F. Fanning.

O'BRIEN, S. In this accounting proceeding a question of construction is presented. The will of testatrix gave her residuary estate to her executors in trust, to convert the same into money and divide the proceeds into two equal parts. One of said parts was directed to be held for the benefit of her brother, Thomas H. Fanning, with income therefrom payable to him during his life, and upon his death to pay the income to another brother, Andrew L. Fanning, during his life, " and upon the death of Andrew L. Fanning to pay said part to his daughter, Mary Elizabeth Fanning."

The other half of the residue was directed to be held for the benefit of the brother Andrew L. Fanning during his life, and upon his death the income was made payable to the brother Thomas H. Fanning during his life, " and upon his death to pay said part to Mary Elizabeth Fanning, the daughter of my brother, Andrew L. Fanning." These directions are immediately followed by a further provision which will be hereinafter referred to.

All three persons heretofore mentioned survived the testatrix. The brother Thomas H. Fanning died February 8, 1923; Mary Elizabeth Fanning (Bungert) died February 11, 1923, leaving her surviving a husband, Louis F. Bungert, and her parents, and Andrew L. Fanning died February 9, 1930.

The question presented is whether the remainders given to Mary Elizabeth Fanning vested in her upon the death of testatrix, or whether the vesting was postponed until the death of her father and uncle, who were the life beneficiaries in both halves of the trust. If the will contained only the provisions above mentioned, the remainders should be held to be vested and not contingent, for two of the primary rules are that the law favors vesting, and that a construction which will avoid intestacy is also to be favored. Those provisions, however, are immediately followed by the following paragraph: " Should said Mary Elizabeth Fanning die before my brother Andrew L. Fanning or my brother Thomas H. Fanning, leaving lawful issue her surviving, I direct that such issue take the part of my estate which said Mary Elizabeth Fanning would otherwise have taken." The addition of this provision clearly negatives any intention to create vested remainders for it expressly provides that said Mary Elizabeth Fanning's issue shall take in the contingency of her predeceasing either brother, and at the same time omits any express provision to meet a situation of her dying without issue. The direction that the issue, if any, were to take the part of the estate " which said Mary Elizabeth Fanning *would otherwise have taken*," leaves no doubt that her survivorship until the termination of the trust periods was a condition precedent to her taking a share of the estate. I hold, therefore, that upon the death of the survivor of the two brothers of testatrix the remainder interests in the entire residuary estate vested in the next of kin of testatrix as intestate property. (*Matter of Durand*, 250 N. Y. 45; *Matter of Bostwick*, 236 id. 242; *Matter of Crane*, 164 id. 71.)

Submit decree on notice construing the will and settling the account accordingly.